UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TONY ELLIOTT                                                                             PLAINTIFF

v.                                               CIVIL ACTION NO. 3:12-cv-353-CWR-FKB

CHRISTOPHER B. EPPS                                          DEFENDANT

## REPORT AND RECOMMENDATION

This cause is before the undersigned on the Motion to Dismiss filed by Defendant (Docket No. 7). Having considered the motion and the filings in this matter, the undersigned recommends that the motion be granted and that this matter be dismissed.

Plaintiff, proceeding *pro se*, filed his Petition for Writ of Habeas Corpus on May 10, 2012, the date it was signed. Docket No. 1. Prisoner filings are deemed filed on the day the documents are delivered to prison officials for mailing. Coleman v. Johnson, 184 F.3d 398, 401, reh'g and reh'g en banc denied, 196 F.3d 1259(5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000). Defendant has moved to dismiss the petition, arguing that it was filed beyond the applicable limitations period.

**HISTORY**

Petitioner was convicted in the Circuit Court of Pike County, Mississippi, of armed robbery, conspiracy to commit armed robbery, possession of stolen property and conspiracy to commit possession of stolen property. Docket No. 7-1. The Mississippi Court of Appeals affirmed the convictions, except for conspiracy to commit possession of stolen property,[1] on

---

[1] The conspiracy to commit possession of stolen property charge was reversed and rendered, the appellate court having concluded that the trial court did not have jurisdiction over that particular charge. Elliott v. State, 61 So.3d 950, 954 (Miss. Ct. App. 2011).

1

April 19, 2011. Elliott v. State, 61 So.3d 950 (Miss. Ct. App. 2011). Plaintiff did not seek further direct review and therefore his conviction became final fourteen days (the time period during which he could have sought further direct review) after April 19, 2011, or on May 3, 2011.

## STATUTE OF LIMITATIONS

The applicable one-year statute of limitations is set out in 28 U.S.C. § 2244(d)(1). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996). Accordingly, Petitioner had until May 3, 2012, to file the instant

petition but failed to do so. No exceptional circumstances warranting tolling the statute of limitations have been presented. See Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999).

## CONCLUSION

Based on the foregoing, the undersigned recommends that this matter be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of September, 2012.

s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE